Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARCOS MONTES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C3 PRESENTS, LLC, a Texas Limited Liability Company; LIVE NATION ENTERTAINMENT, INC., a Delaware Corporation, individually and doing business as "LOLLAPALOOZA, LLC"; THE UPRISING CREATIVE, a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br><br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**<u>Jury Trial Demanded</u>** |

- 1 -

COMPLAINT

JUAN MARCOS MONTES ("MONTES"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiff MONTES is an individual artist, creating art under the name "Juan Marco," residing in Los Angeles, California.

5.  Plaintiff is informed and believes and thereon alleges that Defendant C3 PRESENTS, LLC ("C3") is a limited liability company organized and existing under the laws of the State of Texas, and is doing business in California and this District.

6.  Plaintiff is informed and believes and thereon alleges that LIVE NATION ENTERTAINMENT, INC., individually and doing business as "LOLLAPALOOZA, LLC" (collectively "LIVE NATION") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in California and this District.

7.  Plaintiff is informed and believes and thereon alleges that THE UPRISING CREATIVE, ("UPRISING") is a corporation organized and existing under the laws of the State of Delaware, and is doing business in California and this District.

8.  Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of product, which Doe Defendants have manufactured and/or supplied and are

- 2 -

COMPLAINT

1   manufacturing and/or supplying garments comprised of product printed with

2   Plaintiff's copyrighted artwork (as hereinafter defined) without Plaintiff's

3   knowledge or consent or have contributed to said infringement. The true names,

4   whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are

5   presently unknown to Plaintiff, which therefore sues said Defendants by such

6   fictitious names and will seek leave to amend this complaint to show their true

7   names and capacities when same have been ascertained.

8      9.  Defendants Does 4 through 10, inclusive, are other parties not yet identified

9   who have infringed Plaintiff's copyrights, have contributed to the infringement of

10   Plaintiff's copyrights, or have engaged in one or more of the wrongful practices

11   alleged herein. The true names, whether corporate, individual or otherwise, of

12   Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which

13   therefore sues said Defendants by such fictitious names, and will seek leave to

14   amend this Complaint to show their true names and capacities when same have been

15   ascertained.

16      10. Plaintiff is informed and believes and thereon alleges that at all times

17   relevant hereto each of the Defendants was the agent, affiliate, officer, director,

18   manager, principal, alter-ego, and/or employee of the remaining Defendants and was

19   at all times acting within the scope of such agency, affiliation, alter-ego relationship

20   and/or employment; and actively participated in or subsequently ratified and

21   adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

22   all the facts and circumstances, including, but not limited to, full knowledge of each

23   and every violation of Plaintiff's rights and the damages to Plaintiff proximately

24   caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S ARTWORK

26      11. Prior to the conduct complained of herein, Plaintiff composed a number of

27   pieces of artwork (the "Subject Works"). These works were original independent

28

creations of Plaintiff, and are owned exclusively by Plaintiff. Non-exclusive exemplars of the Subject Works are depicted below:

| **SUBJECT WORKS**: |
| --- |
|  |
|  |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT





COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT



COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT



12. Plaintiff applied to register the Subject Works with the U.S. Copyright Office before this lawsuit was filed.

13. Plaintiff entered into a non-exclusive, limited license agreement with C3 through intermediary, UPRISING, allowing C3 to use certain of the Subject Works in connection with the Lollapalooza music festival in Chicago, Illinois and Santiago, Chile for a period of three years.

14. Plaintiff's investigation revealed that Defendants and each of them continued to use the Subject Works outside of the scope, and beyond the temporal period, of the license without Plaintiff's authorization.

15. Plaintiff's investigation further revealed that Defendants and each of them used the Subject Works in connection with Lollapalooza events outside of the United States and Chile without Plaintiff's authorization.

16. Plaintiff's investigation further revealed that Defendants and each of them sub-licensed to certain third parties the use of certain of the Subject Works without Plaintiff's authorization.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, C3, LIVE NATION, UPRISING, and certain Doe

defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed products, marketing materials, advertisements, and installations featuring art that is identical to or substantially similar to the Subject Works ("Infringing Uses") beyond the scope of the limited license provided to C3. Below are comparisons of certain Subject Works and non-exclusive exemplars of Infringing Uses exceeding the three year term of the limited license provided to C3.



| SUBJECT WORKS: | INFRINGING USES: |
|---|---|

COMPLAINT










COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






COMPLAINT






18. Below are comparisons of certain Subject Works and non-exclusive exemplars of Infringing Uses outside of the United States and Chile.

| SUBJECT WORKS: | INFRINGING USES: |
|---|---|
|  |  |
|  |  |
|  |  |

COMPLAINT










COMPLAINT




19.Below are comparisons of certain Subject Works and non-exclusive exemplars of Infringing Uses created or exploited under improper purported sub-licenses between C3 or LIVE NATION and Doe Defendants or third parties.

| SUBJECT WORKS: | INFRINGING USES: |
|---|---|
|  |  |















COMPLAINT



COMPLAINT

1

2

3

4

5

6

7

8

 

9

10   20. The above comparisons make apparent that the elements, composition,

11   colors, arrangement, layout, rendering, and appearance of the artworks at issue are

12   identical, strikingly similar, or at least substantially similar.

13   ## FIRST CLAIM FOR RELIEF

14   (For Copyright Infringement – Against All Defendants, and Each)

15   21. Plaintiff repeats, realleges, and incorporates herein by reference as though

16   fully set forth, the allegations contained in the preceding paragraphs of this

17   Complaint.

18   22. Plaintiff is informed and believes and thereon alleges that Defendants, and

19   each of them, had access to the Subject Works, including, without limitation,

20   through (a) access to Plaintiff's library of original art; (b) access to copies of the

21   Subject Works through third-parties, such as The Uprising Collective; and (c) access

22   to the Subject Works directly from Plaintiff.

23   23. Plaintiff is informed and believes and thereon alleges that Defendants, and

24   each of them, infringed Plaintiff's copyrights by creating, making, and/or developing

25   directly infringing and/or derivative works from the Subject Works beyond the scope

26   of any license from Plaintiff, and by producing, distributing and/or selling products,

27

28

COMPLAINT

marketing materials, and installations that infringe the Subject Works in connection with Lollapalooza music festivals on-site and through on-line websites.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to his business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Works in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal

- 25 -

reproduction and/or subsequent sales of product, marketing materials, and installations featuring the Subject Works and derivative works thereof as alleged herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct – the copying of Plaintiff's artwork – and because they had a direct financial interest in the sales and distribution of the Infringing Uses.

31. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Works, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

COMPLAINT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

    a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Works;

    b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101, *et seq.*;

    c.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    d.  That Plaintiff be awarded costs, and any other damages available, per 17 USC § 505.

    e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    f.  That Plaintiff be awarded the costs of this action; and

    g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

*///*

- 27 -

1    PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

2 PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE

3 UNITED STATES CONSTITUTION.

4                              Respectfully submitted,

5

6 Dated: February 9, 2018        By:   */s/ Scott Alan Burroughs*
                                       Scott Alan Burroughs, Esq.
7                                      Trevor W. Barrett, Esq.
                                       Justin M. Gomes, Esq.
8                                      DONIGER / BURROUGHS
                                       Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 28 -
                                  COMPLAINT